```
        IN THE UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF ARKANSAS
                FAYETTEVILLE DIVISION
```

ANDREW J. GODFREY and LYNDA
L. GODFREY, on behalf of themselves
and all others similarly situated                           PLAINTIFFS

    vs.                  CASE No. 07-5132

TOYOTA MOTOR NORTH AMERICA, INC. and
TOYOTA MOTOR SALES, U.S.A., INC.                            DEFENDANTS

## O R D E R

Now on this 11th day of June, 2008, comes on to be considered **Defendant's Motion to Dismiss (Docs. 15),** plaintiffs' **Response (Doc. 20**), and defendant's **Reply (Doc. 22).** The Court, being well and sufficiently advised, finds and orders as follows with respect thereto:

    1.   Plaintiffs brought this action against Toyota Motor North America, Inc. and Toyota Motor Sales, U.S.A., Inc. seeking relief based on the defendants' alleged unfair and deceptive advertising for the Toyota Prius hybrid automobile.

    2.   The two individual plaintiffs (Andrew J. Godfrey and Lynda L. Godfrey) seek to bring the action on behalf of themselves, as well as on behalf of a class of all persons in Arkansas who purchased or leased a new Toyota Prius Hybrid from the defendants from January 1, 2000 through the present.

Toyota Motor Sales, U.S.A., Inc.[1] (hereinafter "Toyota") moves to dismiss plaintiffs' complaint.

3. <u>Standard of Review</u> – A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure should be granted only if it appears beyond doubt that the plaintiffs can prove no set of facts entitling them to relief. <u>See</u> <u>Katun Corp. V. Clarke</u>, 484 F.3d 972, 975 (8th Cir. 2007). This Court assumes as true all factual allegations of the complaint and draws all reasonable inferences in favor of the plaintiffs. <u>Id.</u>

BACKGROUND AND THE PLAINTIFFS' CLAIMS

4. Under the Energy Policy and Conservation Act of 1975 (hereinafter "EPCA"), the Environmental Protection Agency (hereinafter "EPA") promulgated regulations requiring automobile manufacturers to display "Monroney Stickers" on each vehicle. 49 U.S.C. § 32901 et seq. The stickers must include specific information including the estimated fuel efficiency rating in miles-per-gallon for city and highway use. Further, EPA regulations require dealers to make available for potential buyers a booklet containing information on a vehicle's fuel economy. 49 U.S.C. § 32908©.

The EPA is solely responsible for establishing the test methods and calculations procedure for determining the fuel economy

---

[1]Toyota Motor North America, Inc. had not been served at the time of the filing of the instant motion, and, has now been dismissed from the case.

under the statute; and the federal regulations require that the Monroney Stickers contain the phrase "your actual mileage will vary depending on how you drive and maintain your vehicle." 49 U.S.C. § 32904; 40 C.F.R. § 600.307-08(b)(4). Although neither the EPCA nor its accompanying regulations purport to regulate *advertising* of fuel economy beyond the requirements regarding the Monroney Stickers and information booklets, Federal Trade Commission (hereinafter "FTC") regulations provide the following:

> a) No manufacturer or dealer shall make any express or implied representation in advertising concerning the fuel economy of any new automobile unless such representation is accompanied by the following clear and conspicuous disclosures:
>
>> (1) If the advertisement makes:
>>
>>> (i) Both a city and a highway fuel economy representation, both the "estimated city mpg" and the "estimated highway mpg" of such new automobile, must be disclosed;
>>>
>>> (ii) A representation regarding only city or only highway fuel economy, only the corresponding EPA estimate must be disclosed;
>>>
>>> (iii) A general fuel economy claim without reference to either city or highway, or if the representation refers to any combined fuel economy number, the "estimated city mpg" must be disclosed; and
>
> (2) That the U.S. Environmental Protection Agency is the source of the "estimated city mpg" and "estimated highway mpg" and that the numbers are estimates.

16 C.F.R. § 259.2.

The plaintiffs argue that Toyota violated the Arkansas Deceptive Trade Practices Act (hereinafter "ADTPA") by using the EPA fuel economy estimates in advertising for the Toyota Prius hybrid automobile. Plaintiffs allege that the EPA estimates were inaccurate, that Toyota knew the EPA estimates were inaccurate, and that Toyota's use of them in advertising constitutes a deceptive trade practice in violation of the ADTPA. Alternatively, the plaintiffs allege that Toyota has been unjustly enriched as a result of its advertising of the EPA fuel economy estimates. The Court will discuss the arguments for dismissal of each count of the complaint in turn.

<u>ARKANSAS DECEPTIVE TRADE PRACTICES ACT</u>

5. The relevant portions of the ADTPA provides as follows:

(a) Deceptive and unconscionable trade practices made unlawful and prohibited by this chapter include, but are not limited to, the following:

. . .

(10) Engaging in any other unconscionable, false, or deceptive act or practice in business, commerce, or trade.

Ark. Code Ann. § 4-88-107(10).

Further, the ADTPA also provides:

When utilized in connection with the sale or advertisement of any goods, services, or charitable solicitation, the following shall be unlawful:

(1) The act, use, or employment by any person of any deception, fraud, or false pretense; or

> (2) The concealment, suppression, or omission of any material fact with intent that others rely upon the concealment, suppression, or omission.

Ark. Code Ann. § 4-88-108.

Also potentially relevant to this action are the following provisions of the ADTPA: "[t]his chapter does not apply to . . . [a]dvertising or practices which are subject to and which comply with any rule, order, or statute administered by the Federal Trade Commission." Ark. Code Ann. § 4-88-101(1); and "[a]ctions or transactions permitted under laws administered by . . . [any] regulatory body or officer acting under statutory authority of this state or the United States . . . ." Ark. Code Ann. § 4-88-101(3).

Toyota first argues that plaintiffs' claim under the ADTPA should be dismissed because the use of EPA estimates in fuel economy advertisements is required and permitted by the FTC and is expressly exempted from coverage under the ADTPA. The plaintiffs counter that the FTC regulations amount to only a "non-binding 'industry guide'" and do not carry the force of law. Further, the plaintiffs argue that the FTC regulations do not prevent a manufacturer from advertising more accurate fuel economy estimates derived from a non-EPA test; and, the plaintiffs point out that "an omission" is actionable under the ADTPA.

Clearly, the FTC regulations require the use of EPA estimates in fuel economy advertisements. 16 C.F.R. § 259.2. And, caselaw clearly supports the view that the FTC regulations are, at a

5

minimum, "interpretative rules" or guides.  <u>State v. Amoco Oil Co.</u> 293 N.W.2d 487, 496 (Wis. 1980); .  Further, "[f]ailure to comply with the guides may result in corrective action by the Commission under applicable statutory provisions."  16 C.F.R. § 1.5.  It is, therefore, no great jump for this Court to find that plaintiffs' claim under the ADTPA should be dismissed as the ADTPA has clearly exempted "[a]dvertising or practices which are subject to and which comply with any rule, order, or statute administered by the Federal Trade Commission."  Ark. Code Ann. § 4-88-101(1); and "[a]ctions or transactions permitted under laws administered by . . . [any] regulatory body or officer acting under statutory authority of this state or the United States . . . ."  Ark. Code Ann. § 4-88-101(3).

<u>UNJUST ENRICHMENT</u>

6. In addition to their claim under the ADTPA, the plaintiffs argue that Toyota has been unjustly enriched as a result of its advertising of the EPA fuel economy estimates.  Toyota argues that plaintiffs' unjust enrichment claim should be dismissed because it is entitled to the benefits from sales of its automobiles which were advertised in compliance with FTC requirements.  In order to recover for unjust enrichment under Arkansas law,

> a party must have received something of value, to which he or she is not entitled and which he or she must restore. <u>Rigsby v. Rigsby</u>, 356 Ark. 311, 149 S.W.3d 318 (2004); <u>Guaranty Nat'l Ins. Co. v. Denver Roller, Inc.</u>, 313 Ark. 128, 854 S.W.2d 312 (1993). There must also be some operative act, intent, or situation to make the

6

> enrichment unjust and compensable. Id.; Dews v. Halliburton Indus., Inc., 288 Ark. 532, 708 S.W.2d 67 (1986). One who is free from fault cannot be held to be unjustly enriched merely because he or she has chosen to exercise a legal or contractual right. Rigsby, 356 Ark. 311, 149 S.W.3d 318; Guaranty Nat'l Ins. Co., 313 Ark. 128, 854 S.W.2d 312.

Hatchell v. Wren, 211 S.W.3d 516, 522 (Ark. 2005).  The Court finds that Toyota had the legal right to advertise the EPA fuel economy estimates, as it was required to do so by the FTC.  Therefore, the Court finds that plaintiffs' unjust enrichment claims must also be dismissed.

## CONCLUSION

7.   Based on the foregoing, the Court hereby orders that **Defendant's Motion to Dismiss (Docs. 15)** should be, and it hereby is, **GRANTED** and that plaintiffs' complaint should be, and it hereby is, **DISMISSED.**

   **IT IS SO ORDERED.**


                                    /S/JIMM LARRY HENDREN
                                    JIMM LARRY HENDREN
                                    UNITED STATES DISTRICT JUDGE